**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 16-10661 |
| WHISTLER ENERGY II, LLC, | § | (Chapter 11, Section B) |
| | § | |
| Debtor. | § | |
| | § | |
| H. Kenneth Lefoldt, as trustee of the | § | |
| Whistler Energy II, LLC Litigation Trust | § | |
| Plaintiff | § | Adv. Proc. 18-01022 |
| vs. | § | |
| | | |
| Weatherford US, LP | § | |
| Defendant | § | |

**ANSWER OF WEATHERFORD US, LP TO COMPLAINT TO AVOID
AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND
550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

WEATHERFORD US, LP (hereinafter "Weatherford" or "Defendant"), by and through

its undersigned counsel, hereby files this Answer to the *Complaint to Avoid and Recover*

*Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11*

*U.S.C. § 502* (Docket No. 1) (the "Complaint") filed herein by H. Kenneth Lefoldt, Jr. (the

"Trustee" or "Plaintiff"), as trustee of the Whistler Energy II, LLC Litigation Trust and in

support of said answer would show the following.

**PARTIES**

1.    Weatherford admits in part and denies in part Paragraph No. 1 of the Complaint.

Weatherford admits that the Trustee[1] is the Liquidating Trustee and Plaintiff in this action;

however, the Confirmed Plan speaks for itself, and such paragraph is denied to the extent that

such paragraph is inconsistent with the Confirmed Plan.

---

[1] Capitalized terms shall have the same meaning as ascribed to such capitalized Terms in the Complaint unless
otherwise defined herein.

2.      Weatherford admits Paragraph No. 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Weatherford admits Paragraph No. 3 of the Complaint.

4.      Weatherford admits Paragraph No. 4 of the Complaint.

5.      Weatherford admits Paragraph No. 5 of the Complaint.

## PROCEDURAL BACKGROUND

6.      Weatherford admits Paragraph No. 6 of the Complaint.

7.      Weatherford admits Paragraph No. 7 of the Complaint.

8.      Weatherford admits Paragraph No. 8 of the Complaint.

9.      Weatherford admits Paragraph No. 9 of the Complaint.

## FACTUAL BACKGROUND

10.     Weatherford admits Paragraph No. 10 of the Complaint.

11.     Weatherford admits Paragraph No. 11 of the Complaint.

12.     Weatherford admits in part and denies in part Paragraph No. 12 of the Complaint. Specifically, Weatherford admits that certain transactions which occurred between Weatherford and the Debtor. Weatherford continues to investigate the history of the relationship between Weatherford and the Debtor including the possibility of additional transactions and/or relevant occurrences, and thus the remainder of such paragraph is denied.

13.     Weatherford denies Paragraph No. 13 of the Complaint.

14.     Weatherford admits in part and denies in part Paragraph No. 14 of the Complaint. Weatherford admits that the Trustee seeks the described relief through the Complaint; however, Weatherford denies that the Trustee is entitled to such relief.

15.     Weatherford admits Paragraph No. 15 of the Complaint.

## CLAIMS FOR RELIEF

### *Count 1: Avoidance of Preferential Payments*
### *[11 U.S.C. § 547]*

16.     Weatherford admits and/or denies Paragraph No. 16 of the Complaint as set forth

above.

17.     Weatherford denies Paragraph No. 17 of the Complaint.

18.     Weatherford denies Paragraph No. 18 of the Complaint.

19.     Weatherford denies Paragraph No. 19 of the Complaint.

20.     Weatherford denies Paragraph No. 20 of the Complaint.

21.     Weatherford denies Paragraph No. 21 of the Complaint.

22.     Weatherford denies Paragraph No. 22 of the Complaint.

23.     Weatherford denies Paragraph No. 23 of the Complaint.

24.     Weatherford denies Paragraph No. 24 of the Complaint.

25.     Weatherford denies Paragraph No. 25 of the Complaint.

### *Count 2: Recovery of Preferential Payments or Value of Such Payments*
### *[11 U.S.C. § 550]*

26.     Weatherford admits and/or denies Paragraph No. 26 of the Complaint as set forth

above.

27.     Weatherford denies Paragraph No. 27 of the Complaint.

28.     Weatherford denies Paragraph No. 28 of the Complaint.

### *Count 3: Objection to Claim*
### *[11 U.S.C. § 502(d)]*

29.     Weatherford admits and/or denies Paragraph No. 29 of the Complaint as set forth

above.

30.     Weatherford admit in part and denies in part Paragraph No. 30 of the Complaint. Weatherford admits that such provisions of the Code exist.  Weatherford denies that the Trustee is entitled to relief under such provisions.

31.     Weatherford denies Paragraph No. 31 of the Complaint.

32.     Weatherford denies Paragraph No. 32 of the Complaint.

33.     Weatherford denies Paragraph No. 33 of the Complaint.

34.     Weatherford denies Paragraph No. 34 of the Complaint.

## GENERAL DENIAL

35.     Weatherford denies each and every allegation in the Complaint, unless specifically admitted herein.

## AFFIRMATIVE DEFENSES

36.     The Complaint fails to state a claim for which relief can be granted.

37.     11 U.S.C. § 547(c)(1) bars Plaintiff from avoiding any transfers to Defendant because such transfers were intended by the Debtor and the Defendant to be substantially contemporaneous exchanges for new value given to the Debtor and were in fact substantially contemporaneous exchanges.  Such affirmative defense applies to some or all of the alleged Transfers.

38.     11 U.S.C. § 547(c)(2) bars Plaintiff from avoiding any transfers by the Debtor to Defendant because all such transfers were in payment of debts incurred by the Debtor in the ordinary course of business of the Debtor and Defendant, were made in the course of the Debtor's business and the Defendant's business, and were made according to ordinary business terms.  Such affirmative defense applies to some or all of the alleged Transfers.

39.      11 U.S.C. § 547(c)(4) bars Plaintiff from avoiding any transfers by the Debtor to Defendant because after such transfers, the Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.  Such affirmative defense applies to some or all of the alleged Transfers.

40.      The Debtor not insolvent within the meaning of 11 U.S.C. § 547(b) at the time of the alleged Transfers.

41.      Defendant did not receive more than Defendant would have received if the transfers had not been made and this case was a Chapter 7 proceeding.

42.      Plaintiff's claims are barred in whole or in part by the doctrines of setoff and/or recoupment.

43.      Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, equitable estoppel, waiver and laches.

44.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or contractual agreement between the parties.

45.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

46.      Plaintiff's claims are barred by the express language of the applicable agreements between the Debtor and the Defendant.

47.      In light of the fact that discovery has not been held or completed in this matter, Defendant asserts the affirmative defenses set forth in Fed. R. Civ. P. 8(c).

48.      Defendant took for value, in good faith, and without knowledge of the potential voidability of the transfers pursuant to 11 U.S.C. § 550(b).

49.     The Complaint should be dismissed because it fails to satisfy the pleading requirements of Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7008.

50.     The claims stated in the Complaint are barred by the doctrine of unclean hands.

51.     Plaintiff's s right to recover each of the alleged transfers is barred to the extent Plaintiff has already received a recovery on behalf of any such transfer in accordance with 11 U.S.C. § 550(d).

52.     The Court lacks jurisdiction over one or more of the Plainitff's claims under the *Stearn v. Marshall,* 131 S. Ct. 63 (2010).

## RESERVATION OF RIGHTS

53.     Defendant reserves the right to supplement and amend this answer, the affirmative defenses, and any other grounds to deny any recovery to Plaintiff.

## CONCLUSION AND PRAYER

WHEREFORE, Defendants, WEATHERFORD US, LP respectfully request an entry of order:

1.     dismissing the Complaint with prejudice;

2.     entitling Defendant to recover the cost incurred in defending this action, including attorney's fees; and

3.     granting such other and further relief as this Court deems just and proper.

Dated: May 8, 2018                    Respectfully submitted:

                             **WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**

                                  /s/ Jeff Carruth
                              Jeff Carruth
                              State Bar No. 24001846
                              3030 Matlock Rd., Suite 201
                              Arlington, Texas 76015
                              Phone: (713) 341-1158
                              Facsimile: (866) 666-5322
                              jcarruth@wkpz.com

                              ATTORNEYS FOR WEATHERFORD US, LP

## CERTIFICATE OF SERVICE

On May 8, 2018, I hereby certify that a true and correct copy of the foregoing item was served upon all registered ECF users who have appeared in this case.

                                */s/ Jeff Carruth*
                                  JEFF CARRUTH